THE ALTON PAVING, BUILDING AND FIRE BRICK CO.

*v.*

WILLIAM HUDSON.

*Opinion filed October 24, 1898—Rehearing denied December 15, 1898.*

1. PRACTICE—*when Supreme Court cannot consider sufficiency of the evidence.* The refusal of a peremptory instruction for defendant, offered at the close of plaintiff's evidence, after which the defendant introduces his evidence, and the refusal of a similar instruction asked in the series submitting the case to the jury, do not preserve for review by the Supreme Court the question of the sufficiency of the evidence to sustain a verdict for plaintiff.

2. MASTER AND SERVANT—*a servant does not assume risk of injury chargeable to master's negligence.* An inexperienced servant employed to tend a steam shovel used to remove shale from an embankment, the upper part of which, composed of clay, is to be removed by hand, does not assume the risk of the clay falling upon him while performing his duties, where the master, knowing the servant's inexperience, fails to warn him of that danger and the servant is unconnected with the removal of the clay.

3. INSTRUCTIONS—*instructions must be based upon the evidence.* An instruction, though stating a correct abstract rule of law, may be refused if not applicable to the evidence in the case.

*Alton Paving Brick Co. v. Hudson,* 74 Ill. App. 612, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. GEORGE W. WALL, Judge, presiding.

WISE & McNULTY, for appellant.

J. E. DUNNEGAN, and TRAVOUS & WARNOCK, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This suit originated in the circuit court of Madison county upon a declaration in case by William Hudson, against the Alton Paving, Building and Fire Brick Company, to recover damages for an injury to his person, alleged to have been received through the negligence of

the defendant. There were two counts in the declaration. The first alleged that plaintiff was employed by the defendant to operate and oil the machinery of a certain steam shovel used by the defendant for the purpose of removing shale from an embankment; that the embankment was about eighteen feet high, about ten feet of the lower portion of it being composed of shale and the balance of clay, the shale portion being removed by the use of the steam shovel and the clay portion by hand shovels; that the plaintiff was without experience in working in and about embankments, and so notified the defendant before entering upon its employment; that it was the duty of the defendant to keep the embankment in a reasonably safe condition, so that plaintiff, in performing his duties, would not be endangered by clay falling upon him; that it carelessly and negligently failed to keep the embankment in a reasonably safe condition, but carelessly and negligently undermined the clay portion of it to such an extent that it became unsafe and insecure; that by reason of plaintiff's inexperience in working in and about clay embankments he was not aware of the dangerous condition of the same, and while performing his duties oiling the machinery, and exercising due care, a large part of the clay portion of the embankment, by reason of its being so insecure, broke and fell upon him, causing him to be injured, etc. The second count is not materially different from the first, except that it avers the plaintiff was directed by the defendant to perform his duties in manipulating and oiling the machinery under the direction of one Aaron Borden, the foreman, and to obey all orders given by him; that while the embankment was in an unsafe condition, as alleged in the first count, he was ordered by Borden to oil a portion of the machinery of the steam shovel, and in obeying said order, while exercising due care, a large part of the clay portion of the embankment, by reason of its being insecure, as aforesaid, fell from over the shale portion thereof and upon

the plaintiff, permanently injuring him, etc.  The plea
was not guilty.  A trial by jury resulted in a verdict for
the plaintiff, assessing his damages at $7500.  A motion
for new trial was overruled and judgment entered upon
the verdict, which judgment, on appeal to the Appellate
Court for the Fourth District, was affirmed.

The argument of counsel for the appellant is devoted
chiefly to a discussion of the evidence.  It appears from
the record that at the close of the plaintiff's evidence
the court was asked to instruct the jury to find for the
defendant, which request was denied.  Thereupon it pro-
ceeded to introduce its evidence.  There was no instruc-
tion asked to find for it at the close of all the evidence,
nor was the court requested in any way to withdraw the
case from the consideration of the jury.  In the series of
instructions asked on behalf of the defendant upon the
final submission of the case, an instruction to find for the
defendant was presented and refused.  Notwithstanding
this state of the record counsel insist that it is the duty of
this court to review the testimony and determine whether
there is any evidence in the record fairly tending to sup-
port the allegations of the declaration.  If this position
is to be maintained, not only section 89 of the Practice
act must be ignored, but a long line of decisions by this
court overruled.  We have uniformly held that in order
to bring before this court for review the evidence in a
case of this kind coming from the Appellate Court, the
defendant must move the court to take the case from the
jury at the close of all the evidence and before its sub-
mission to the jury.  These decisions proceed upon the
theory that such a motion raises the question in the trial
court whether, as a matter of law, there is any evidence
fairly tending to support the plaintiff's cause of action,
or, if made by the plaintiff, whether there is any evidence
tending to support the defense.  Counsel admit that such
is the rule announced by the court, but it is said it is not
consistent with sound reasoning.  What is said in sup-

port of this contention has failed to convince us that we have been in error, and the authorities cited as conflicting with the rule of practice we have adopted have no bearing upon the question.

Treating the controverted questions of fact in the case as conclusively established in favor of the plaintiff, it only remains to be seen whether such errors of law intervened upon the trial as should work a reversal of the judgment below.

An extended argument of what is said to be the law of the case is presented by counsel for the appellant, but wherein the court below refused or failed to apply correct principles on the trial of the case does not appear. The sufficiency of the declaration was not questioned, either by demurrer or motion in arrest of judgment. In fact, we are at a loss to perceive upon what theory it can be seriously contended that a good cause of action was not stated in either count of the declaration. One of the duties which a master owes to his servant is to make such provision for his safety as will reasonably protect him against the dangers incident to his employment. We said in *Consolidated Coal Co.* v. *Haenni*, 146 Ill. 614, (on p. 626): "As to the master's duty to give notice, the law is, that if there are latent defects or hazards incident to an occupation, of which the master knows or ought to know, and which the servant, from ignorance or inexperience, is not capable of understanding and appreciating, it is the master's duty to warn or inform the servant of them,"—citing authorities. While it is true that an employee assumes such risks of his employment as are usually incident thereto, and of the extraordinary hazards of which he has notice, or which, in the usual exercise of his faculties, he ought to have noticed, he does not take the risk of dangers known to the master which can be avoided by him in the exercise of reasonable care. "He assumes the risk, more or less hazardous, of the service in which he is engaged, but he has a right to presume that all proper at-

tention shall be given to his safety, and that he shall not be carelessly and needlessly exposed to risks not necessarily resulting from his occupation, and preventable by ordinary care and precaution on the part of his employer." (*Buzzell* v. *Laconia Manf. Co.* 48 Me. 113.) According to the plaintiff's declaration he was inexperienced in the matter of his employment, and especially he had no information as to the danger of the clay falling upon him. Nor was he in any way connected with the removal of the clay, so as to prevent its falling. It could not, we think, in any view of the record, be said that he was bound, in the exercise of his faculties, to know the peril which caused his injury. The case, in principle, is not materially different from *Chicago Anderson Pressed Brick Co.* v. *Sobkowiak*, 148 Ill. 573, and *Illinois Steel Co.* v. *Schymanowski*, 162 id. 447.

Whether the plaintiff was in the exercise of due care; whether defendant was guilty of the negligence charged; whether the plaintiff assumed the risk of the falling bank, and whether it was the duty of the defendant to notify him of the danger, are all questions of fact conclusively settled by the verdict of the jury, the judgment of the circuit court and its affirmance by the Appellate Court, unless it can be said that the finding of the jury was the result of some error of law committed upon the trial contributing to the result.

It is objected that the trial court misdirected the jury in the giving of instructions on behalf of the plaintiff, in the modification of defendant's nineteenth instruction, and in the refusal of several instructions asked by it. We think the instructions given on behalf of the plaintiff correctly embody the rules of law applicable to the case as above indicated, and are unable to see any substantial ground for the contention that appellant's nineteenth instruction was improperly modified. The first refused instruction is, that the rule as to the duty of the master to furnish a safe place for a servant to work does not apply when the place is made unsafe solely by reason of the haz-

ardous character of the work which the servant has under-
taken to do, and where the servant is advised, or by the
exercise of his faculties may, with ordinary care, become
fully advised, of the character of the work and the sur-
roundings. Whatever may be said of this instruction as
stating an abstract proposition of law, it was not appli-
cable to the case, and for that reason was properly re-
fused. It assumes that the place was made unsafe *solely*
by reason of the hazardous character of the work, and
that under the facts of the case the plaintiff, by the exer-
cise of his faculties, might, with ordinary care, have be-
come fully advised of the character of the work and the
surroundings. The other refused instructions, in so far as
it may be said they correctly state the law, were embod-
ied in others given. A large number of instructions were
asked by the defendant, most of which were given, and
upon a full consideration of the whole series we are con-
vinced that they are so eminently fair, not to say favor-
able, to it, that no just ground of complaint can be made
as to the giving, modifying or refusing of instructions.

On the whole record the judgment of the Appellate
Court is right, and will be affirmed.

*Judgment affirmed.*